UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                )
                                      )
   TIMOTHY JAMES SWANSON       )    Case No. 10-10643-SSM
                                      )    Chapter 13
              Debtor           )

**MEMORANDUM OPINION**

Before the court is the Third Amended Plan filed by the debtor on December 6, 2010.  No objections have been filed, and the trustee recommends confirmation.  Although the court will confirm the plan (which, except for the incorporation of post-petition mortgage arrears, is substantially the same as the current confirmed plan) the court notes for the benefit of the debtor that confirmation will not (as the debtor appears to believe) void the lien of Green Tree Loan Servicing, and that, unless a proper adversary proceeding is brought for that purpose, Green Tree's deed of trust will remain as a lien against the property following completion of the plan.

This case was commenced by the filing of a voluntary petition for relief under chapter 13 of the Bankruptcy Code on January 27, 2010.  The schedules report the value of the debtor's residence, a condominium unit, to be $69,233, subject to a first deed of trust in favor of IndyMac Bank on which $179,893 was due and a second deed of trust in favor of Green Tree on which $44,509 was due.  The first two proposed plans were denied confirmation, but a Second Amended Plan filed on September 8, 2010, was confirmed on October 18, 2010.  It required the debtor to pay the chapter 13 trustee $367.72 per month for 60 months and estimated a distribution to unsecured creditors of 3 cents on the dollar.

Relevant to the court's present concern, the plan included a motion to value the collateral securing Green Tree at $69,233 (Section 3-A) and proposed to pay Green Tree's secured claim zero dollars at zero percent interest over the term of the plan (Section 3-D). Given the schedules, the motion to value Green Tree's collateral was clearly wrong—the value to be inserted in the form plan is not the *gross value* of the collateral, but the *equity* to which the creditor's security interest attaches, which for Green Tree would be zero, not $69,233, since the prior deed of trust entirely consumes the value of the property. Indeed, by moving to value the collateral of a creditor owed $44,509 at $69,233, the plan, at least on a casual reading, would naturally lead the creditor to assume that its claim would be treated as fully secured. Additionally, although the local bankruptcy rules require that a plan that proposes to value a creditor's collateral be served on the creditor in the manner required by Rule 7004, the service on Green Tree did not comply with that requirement, since the plan and the special notice were not mailed to the attention of a named officer or agent for the service of process as required by Rule 7004(b)(3). Finally, where a chapter 13 plan proposes to avoid the lien of a deed of trust against the debtor's residence, the local rules and form of plan used in this district require the bringing of an adversary proceeding for that purpose, with the plan itself (in Section 7-B) simply providing notice of the debtor's intention to do so. Put another way, mere confirmation of a plan that treats a secured creditor's claim as unsecured does not eliminate the creditor's lien. *Cen-Pen Corp. v. Hanson*, 58 F.3d 89 (4th Cir. 1995).

The amended plan before the court provides the same treatment of Green Tree's claim as the prior plan. The only difference is that the incorporation of post-petition mortgage arrears reduces the dividend on unsecured claims from 3 cents on the dollar to zero cents on the dollar.

Although Green Tree has not filed a proof of claim, mere failure to do so does not affect the validity of its lien. § 506(d)(2). Again, service of the plan on Green Tree fails to comply with Rule 7004, and no adversary proceeding has been brought to avoid ("strip-off") Green Tree's deed of trust. Accordingly, although the court will confirm the plan, such confirmation has no effect on the ultimately enforceability (after the plan is completed) of Green Tree's deed of trust, and the debtor, if he seeks avoidance of the deed of trust, will have to bring an appropriate adversary proceeding.

Date: _____          _____
                                     Stephen S. Mitchell
Alexandria, Virginia                 United States Bankruptcy Judge

Copies to:

Timothy James Swanson
4196 Merchant Plaza #331
Woodbridge, VA 22192
Debtor

James M. Johnson, Esquire
Johnson & Fores, PC
4391 Ridgewood Center Dr.
Suite E
Woodbridge, VA 22192
Counsel for the debtor

Thomas P. Gorman, Esquire
300 N. Washington St., Suite 400
Alexandria, VA 22314
Chapter 13 Trustee